HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOUSTON BYRD,

    Plaintiff,

    v.

HON. JUDGE A. HARPER, et al.,

    Defendants.

Case No. 2:18-cv-00479 RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Final Request for Default Judgment, Objection to the Court's June 18, 2019 Order and Findings of Fact or Reparations. Dkt. # 14. Given the context of the motion, the Court construes this as a motion for reconsideration. For the reasons below, Plaintiff's motion is denied.

## II. DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

On June 18, 2019, the Court dismissed Plaintiff's complaint *sua sponte*. A district court may *sua sponte* dismiss a *pro se* complaint filed *in forma pauperis* under 28 U.S.C. § 1915(d) where the complaint is "frivolous" in that it lacks any arguable basis in law or

ORDER – 1

fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff alleged that a King County judge committed perjury and other acts of judicial misconduct in a state court case involving Plaintiff. The Complaint, however, failed to put forth any facts supporting Plaintiff's allegations and instead quoted numerous statutes and cases concerning fraud on the court. Dkt. # 5 at 9-10.

Furthermore, it is settled that "[j]udges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority).

The Court finds no manifest error in its prior ruling. Nor has Plaintiff submitted any facts or new authority to alter the Court's conclusion. Therefore, Plaintiff's motion is **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion. Dkt. # 14.

DATED this 14th day of August, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2